In the Matter of the Claim of CONNIE GIANVECCHIO, Respondent, v. NYS NEWARK STATE SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from a decision of the Workmen's Compensation Board which held that the claimant, a volunteer worker at the appellant State School, was entitled to compensation pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law.

The rule is well established that subdivisions 1 and 2 of section 14 cannot be applied to an occasional worker such as the claimant. The board, however, used claimant's actual earnings in her *regular* employment to compute her average weekly wage in the volunteer employment in which she was injured. The two employments were *dissimilar* and accordingly, her earnings in her *regular* employment cannot be used to compute her average weekly wage. Claimant's earning capacity must be measured by wages of those similarly employed or employed part time by the employer herein or by other similar institutions. (*Matter of Ruppert v. Plattdeutsche Folksfest Verein*, 263 N. Y. 338.) Decision reversed and matter remitted to the Workmen's Compensation Board for the proper determination of claimant's average weekly wage and a proper award based thereon, with costs to the appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.