■ In the Matter of the Claim of WILLIAM GAST, Respondent, v OZANAM HALL OF QUEENS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 450] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 2, 1997, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Workers' Compensation Law § 15 (6) (a) provides, in relevant part, that compensation for a permanent or temporary partial disability that occurs on or after July 1, 1992 shall not be "less than [$40] per week except that if the employee's wages at the time of injury are less than [$40] per week, the employee shall receive his or her full wages". Finding that no wage could be established for claimant, a volunteer worker who sustained an injury to his left wrist after falling at the employer's premises, the Workers' Compensation Board awarded claimant $40 per week in benefits. The employer and the carrier now appeal, contending that such award was erroneous.

The crux of the employer and carrier's argument on appeal centers upon Workers' Compensation Law § 2 (9), which defines the term "wages". Noting that the statute provides, in relevant part, that "in no event shall the average weekly wage be fixed at less than [$30]" (Workers' Compensation Law § 2 [9]), the employer and carrier argue that claimant, whose earnings were zero, is entitled to a fixed minimum weekly "wage" of $30 per week. Thus, the argument continues, as claimant "earns" less than the $40 per week set forth in Workers' Compensation Law § 15 (6), he is entitled only to his actual "wage" of $30 per week as compensation benefits, not the $40 per week awarded by the Board. The minimum weekly wage provision set forth in Workers' Compensation Law § 2 (9), however, only applies to certain enumerated workers, and it does not appear from the record that claimant falls within any of the classifications set forth therein. Accordingly, we conclude that Workers' Compensation Law § 2 (9) simply does not apply here.

Nonetheless, there is merit to the employer and carrier's contention that the compensation awarded by the Board was improper. Where, as here, the issue concerns the compensation to be awarded to a claimant injured in the course of his or her

volunteer employment, the appropriate procedure is to measure the claimant's earning capacity "by [the] wages of those similarly employed or employed part time by the employer * * * or by other similar institutions" (*Matter of Gianvecchio v NYS Newark State School,* 19 AD2d 760, 761; *see,* Workers' Compensation Law § 14 [3]). As the record before us contains no proof in this regard, this matter must be remitted to the Board for further proceedings.

Mikoll, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.