■ In the Matter of the Claim of HELEN SEMUS, Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [710 NYS2d 128] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed April 15, 1999, which ruled that an employer-employee relationship existed between claimant and the University of Rochester.

During her enrollment as a doctoral candidate at the University of Rochester, claimant was selected to work as a research assistant in the University's Microbiology and Immunology Laboratory. After working in this capacity for several years, claimant began experiencing pain in her thumbs due to the repetitive hand motions involved in performing lab-

oratory experiments. When claimant filed an application for workers' compensation benefits, a dispute arose as to whether an employer-employee relationship existed between claimant and the University. The Workers' Compensation Board ruled that the University exercised sufficient control over claimant's activities to establish an employment relationship. The University's application for full Board review was denied and this appeal ensued.

The determination of whether an employer-employee relationship exists is a factual issue for the Board to resolve and its findings in that regard must be upheld if supported by substantial evidence (*see, Matter of Wint v Hotel Waldorf Astoria*, 251 AD2d 696, 697; *Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685). Although no single factor is dispositive, relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work (*see, Matter of Fitzpatrick v Holimont, Inc.*, 247 AD2d 715, *lv dismissed* 92 NY2d 888, *lv denied* 94 NY2d 755; *Matter of Long v Schenectady County Young Men's Christian Assn.*, 227 AD2d 723).

Here, the record indicates that claimant received a full tuition waiver, a biweekly stipend from which Federal and State income taxes were withheld and free health insurance coverage in exchange for her work as a research assistant. Claimant testified that she performed her research duties using equipment provided by the University for at least eight hours per day, including many weekends, under the auspices of a department faculty member who controlled the type of experiments that claimant performed and could recommend that claimant be transferred from her position for unsatisfactory performance. Under the circumstances presented here, substantial evidence supports the Board's decision that an employment relationship existed between claimant and the University, notwithstanding that the record contains evidence that could support a contrary conclusion (*see, Matter of LaCelle v New York Conference of Seventh-Day Adventists*, 235 AD2d 694, *lv dismissed* 89 NY2d 1085; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832). Accordingly, the Board's decision is affirmed.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.