■ In the Matter of the Claim of FIL FINA III, Appellant, v NEW YORK STATE OLYMPIC REGIONAL DEVELOPMENT AUTHORITY et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [777 NYS2d 530]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2002, which ruled that an employer-employee relationship existed between claimant and the New York State Olympic Regional Development Authority.

Claimant injured his leg while on duty as a member of the ski patrol at Gore Mountain Ski Center, operated by the New York State Olympic Regional Development Authority (hereinafter Authority) in the Town of North Creek, Warren County. Claimant's case for workers' compensation benefits was established without controversy. A hearing followed at which only claimant testified. The Authority and its workers' compensation carrier did not dispute that claimant was a volunteer receiving no monetary compensation from the Authority, but argued that because he was not earning a concurrent salary at the time of the accident, he was entitled to only the statutory weekly minimum award of $40 per week (*see* Workers' Compen-

sation Law § 15 [6]). The Workers' Compensation Law Judge disagreed, finding that claimant was entitled to $600 per week, the income he was then receiving from his regular vocation as a self-employed engineer. On appeal to the Workers' Compensation Board, the Authority and carrier argued for the first time that claimant was not a volunteer but, rather, an employee of the Authority and, as such, was entitled only to the equitable value of the remuneration he received in return for performing his duties as a ski patroller. The Board entertained the issue although it had not been raised before the Workers' Compensation Law Judge and, without directing a further hearing, reversed the law judge's determination on the ground that claimant was an employee of the Authority (see 12 NYCRR 300.13 [f]; *Matter of Manley v Municipal Hous. Auth. of Utica*, 306 AD2d 602, 603 [2003]). Claimant and the Special Funds Conservation Committee appeal.

Initially, we reject claimant's and the Special Funds' contention that the Board was precluded from finding that an employer-employee relationship existed because claimant's volunteer status had already been established, compelling the determination of claimant's average weekly wage pursuant to Workers' Compensation Law § 2 (9). It lies within the Board's discretion to entertain arguments not raised before the Workers' Compensation Law Judge (see 12 NYCRR 300.13 [e] [1] [iii]; *Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686 [2002]), whose findings are not binding on the Board (*see Matter of Ortiz v Five Points Correctional Facility*, 307 AD2d 634, 635 [2003]). The fact that coverage was never contested does not resolve the question of whether claimant was a volunteer, and thus eligible to receive an average weekly wage based on his engineering practice, or an employee of the Authority, and therefore only entitled to the actual value of the remuneration he received as a member of the ski patrol (*see* Workers' Compensation Law § 2 [9]; § 14 [6]).

However, while "[t]he determination of whether an employer-employee relationship exists is a factual issue for the Board to resolve and its findings in that regard must be upheld if supported by substantial evidence" (*Matter of Semus v University of Rochester*, 272 AD2d 836, 837 [2000]), we nevertheless reverse, finding insufficient evidence in the record to support the Board's determination that an employer-employee relationship existed. Although no one factor is dispositive in determining whether an employer-employee relationship may be construed, it is appropriate to consider "the right to control the claimant's work, the method of payment, the right to discharge, the

furnishing of equipment and the relative nature of the work" (*Matter of Fitzpatrick v Holimont*, 247 AD2d 715, 715 [1998], *lv dismissed* 92 NY2d 888 [1998], *lv denied* 94 NY2d 755 [1999]; *see Matter of Winglovitz v Agway*, 246 AD2d 684, 685 [1998]). In the instant case, the Board did not take additional evidence on the issue, but relied wholly upon the testimony of claimant, taken at a point where his status as a volunteer had not been disputed. Claimant testified that, although he performed crowd control and first aid one or two days a week under the direction of the Authority and would have been eligible for complimentary skiing passes had he completed his first year of service, the Authority provided him with no training, equipment, meals or any other type of subsidy or compensation. Claimant further stated that he "probably" would have been allowed to ski without charge at Gore Mountain on his days off, but that he chose to ski at other resorts instead.

No additional evidence was adduced to demonstrate the exact nature of claimant's work, the extent of the Authority's supervision thereof or its right to discharge claimant; thus, the record does not reflect substantial evidence of an employer-employee relationship between claimant and the Authority (*cf. Matter of Fitzpatrick v Holimont, supra* at 715-716). Accordingly, we reverse and remit to the Board for its review of the average weekly wage to which claimant is entitled pursuant to Workers' Compensation Law § 2 (9).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.