■ In the Matter of the Claim of VASCO MARQUES, Respondent, v ANTONIO SALGADO, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 241]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 2003, which ruled that claimant was an employee of Antonio Salgado.

On October 10, 1995, claimant sustained injuries after he fell from a tree as he was removing branches while working at a private residence cutting down trees and putting in a concrete driveway. Claimant filed a workers' compensation claim listing Antonio Salgado as his employer. Salgado disputed the claim, arguing that claimant, the owner and operator of a construction business, M & A Concrete & Masonry Corporation, was working as an independent contractor at the time of the accident. At the ensuing hearing, claimant testified that Salgado offered him the job and he was not involved in negotiating the job with the homeowner or preparing the cost estimate. He indicated that Salgado scheduled the job and, prior to the day work was to commence, accompanied him to the job site to explain what the work entailed. Claimant stated that he was not required to purchase or order the concrete materials since they were provided by Salgado. According to claimant, Salgado told him "to remove four inches of the ground to prepare the ground for the cement" and if he finished before Salgado arrived, he was to "start cutting branches that were touching the wires." Ultimately, claimant received a $250 check from Salgado payable to claimant personally. Claimant further indicated that, when he worked as an independent contractor, he would meet directly with the customer, prepare the job estimate, order and pay for concrete supplies in advance and receive payment by checks made out to his company.

Salgado testified that, at the time of the accident, he did not have a construction business and the call to him for this work came from an old customer. He stated that he could no longer do this type of work because of a bad back so he called claimant, who met him at the job site, gave the job estimate to the homeowner and set the price. Salgado stated that he told claimant he would provide his chainsaw to cut the trees. Although Salgado completed the work himself following claimant's injury, he stated that he did so because he felt sorry for claimant and not because claimant worked for him. Salgado testified that claimant was supposed to have ordered the concrete and he only did so because of claimant's injuries. He stated that the

homeowner paid him and he then paid claimant. In contrast to this testimony, the homeowner testified that she never met claimant and only knew Salgado, who was the only person who negotiated the price for the job with her.

The Workers' Compensation Law Judge determined, inter alia, that an employment relationship existed between Salgado and claimant on the day of the accident. Upon review, the Workers' Compensation Board affirmed, finding claimant's testimony more credible than that of Salgado. This appeal ensued.

The issue of whether an employer-employee relationship exists in a particular case is a factual one for resolution by the Board (*see Matter of Semus v University of Rochester*, 272 AD2d 836, 837 [2000]). In rendering a determination, "relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work" (*id.* at 837). No single "factor is controlling, and the Board's decision may be based on one or more of the factors" (*Matter of Vinciguerra v Carvel Corp.*, 127 AD2d 915, 916 [1987]; *see Matter of Semus v University of Rochester, supra*).

Here, the Board was within its discretion in crediting claimant's testimony, which was supported by the homeowner, over that of Salgado (*see Matter of Topper v Al Cohen's Bakery*, 295 AD2d 872, 873 [2002]). The Board found, inter alia, that claimant credibly testified that he was hired by Salgado to perform tree removal and driveway work, Salgado negotiated the job with the homeowner and was paid by the homeowner, Salgado provided some of the equipment (the chainsaw) and materials (the concrete) for the job and Salgado, rather than the homeowner, paid claimant for his work. Given these findings, we find no reason to disturb the Board's conclusion that, with respect to the particular job at issue, claimant was Salgado's employee. Significantly, even when, as here, there is evidence which might be sufficient to sustain a contrary conclusion, a Board's decision must be affirmed if there is substantial evidence to support the Board's finding (*see Matter of Grucza v Waste Stream Tech.*, 252 AD2d 901, 903 [1998]).

The remaining arguments advanced by Salgado have been examined and found to be unpersuasive.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.