In the Matter of the Claim of MABEL CHALCOFF, as Widow of WILLIAM CHALCOFF, Deceased, Appellant, v PROJECT ONE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[784 NYS2d 738]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, dated January 30, 2003, as amended by decision dated July 23, 2003, which ruled that William Chalcoff was an independent contractor and is not covered by the Workers' Compensation Law.

William Chalcoff died in the course of his employment at the World Trade Center as a result of the September 11, 2001 terrorist attacks. When claimant, his wife, sought workers' compensation benefits, a dispute arose as to whether Chalcoff was employed as an independent contractor or by the alleged employers, Marsh and McLennan or Project One Computer Consultants. Following a hearing, a Workers' Compensation Law Judge found that Chalcoff was an independent contractor and was not entitled to benefits. In a decision dated January 30, 2003 the Workers' Compensation Board affirmed, and claimant appealed that decision to this Court. In the interim, the Board issued an amended decision, dated July 23, 2003, which affirmed the January 30, 2003 decision. No appeal was taken from the July 23, 2003 amended decision.

We initially reject the alleged employers' assertions that this appeal must be dismissed due to claimant's failure to appeal from the amended decision. Where, as here, the Board's amended decision is "substantially the same as the initial decision," both decisions are reviewable on an appeal from the initial decision (*Matter of Raynor v Allegheny Ludlum Steel Corp.*, 36 AD2d 1007 [1971]; *see Matter of Baccus [Ross]*, 64 AD2d 805, 806 [1978]).

The substantive issue of whether an employer-employee relationship existed between Chalcoff and either of the alleged employers is a factual one for the Board, and its findings will be

affirmed if supported by substantial evidence (*see Matter of Fina v New York State Olympic Regional Dev. Auth.*, 7 AD3d 939, 940 [2004]). No factor is conclusive in determining whether such a relationship exists, but "it is appropriate to consider 'the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work' " (*id.* at 940-941, quoting *Matter of Fitzpatrick v Holimont, Inc.*, 247 AD2d 715, 715 [1998], *lv dismissed* 92 NY2d 888 [1998], *lv denied* 94 NY2d 755 [1999]). Here, the evidence shows that Chalcoff was the sole employee of Accutek Information Systems, Inc., a corporation of which he was the president and sole shareholder. Accutek entered into an agreement with Project One, a computer consulting company that specializes in the staffing of computer-related projects. Project One, in turn, obtained purchase orders from its client, Marsh and McLennan, contracting with Accutek to perform the work. Project One had no substantial involvement in Chalcoff's daily work activities at Marsh and McLennan, other than paying Accutek's invoices for work he performed. Marsh and McLennan furnished Chalcoff with office furniture and a desktop computer. He did work as directed by Marsh and McLennan and had to have his timesheets signed by a supervisor there. Chalcoff had his own laptop computer, charged for work by the hour, did not get paid leave or benefits from either Project One or Marsh and McLennan, and would not be invited to certain meetings due to his role as a consultant. Further, the agreement between Accutek and Project One stated that neither Project One nor Marsh and McLennan was required to obtain workers' compensation insurance for Accutek's employees. Based on the aforementioned, substantial evidence supports the Board's finding that Chalcoff was an independent contractor.

We have examined claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.