■ In the Matter of the Claim of JIN LIU, Appellant, v TAK CHAN YEUNG et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 341]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 26, 2004, which, inter alia, ruled that claimant was an employee of Tak Chan Yeung and Henry Yang.

During an armed robbery late in the evening on December 9, 1998, claimant was shot while in the kitchen of a Chinese restaurant known as Yang Kee's Chinese Kitchen No. 1. As a result of injuries sustained in the shooting, claimant filed a workers' compensation claim naming the restaurant as his employer. Following a hearing, a Workers' Compensation Law Judge found that claimant was an employee of the restaurant and that the restaurant owners were in violation of Workers' Compensation Law § 50 because they were uninsured. The Workers' Compensation Board upheld this decision, resulting in this appeal.

We affirm. "The issue of whether an employer-employee relationship exists in a particular case is a factual one for resolution by the Board" (*Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004] [citation omitted]; *see Matter of Stamoulis v Anorad Corp.*, 292 AD2d 657, 657 [2002], *lv denied* 98 NY2d 609 [2002]; *Matter of Jhoda v Mauser Serv.*, 279 AD2d 853, 854 [2001]). Where the evidence on this issue is conflicting, it is the province of the Board to weigh the testimony and to assess the credibility of the witnesses (*see Matter of Moore v J & R Vending Corp.*, 297 AD2d 887, 888 [2002]; *Matter of Topper v Al Cohen's Bakery*, 295 AD2d 872, 873 [2002]). In the case at hand, claimant testified that he was hired by the restaurant on November 20, 1998 to work in the kitchen and was to be paid $1,000 per month in cash. He stated that he was working on the date in question and had not been paid because he had not yet worked there a month when he was injured. The owners of the restaurant testi-

fied that claimant was not their employee. They conceded that all employees were paid in cash and no W-2 wage statements were issued. They also testified that claimant was present as a visitor for the first time on the night of the robbery to merely observe the operation of the restaurant in anticipation of opening his own. Yet, one of the owners further stated that he gave claimant $7,000 after the incident, purportedly to help out claimant's family. The mail carrier who delivered to the restaurant daily at 11:00 A.M. testified that he did not know anyone with claimant's name who worked there. There was no indication he ever visited the restaurant at night, however. In view of the foregoing, the Board, in arriving at the conclusion that claimant was an employee of the restaurant, was free to credit the testimony of claimant and to infer that the $7,000 payment was compensation. Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.