◼ In the Matter of the Claim of Aslan Pilku, Respondent, v 24535 Owners Corporation et al., Appellants, and Paramount Insurance Company, Respondent. Workers' Compensation Board, Respondent. [796 NYS2d 190]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 21, 2004, which ruled that an employer-employee relationship did not exist between claimant and 24535 Owners Corporation.

Claimant was injured during a fall sustained while working as a porter at a building owned by 24535 Owners Corporation and managed by Alexander Wolf & Company. Claimant filed for workers' compensation benefits and Wolf & Company submitted a C-2 form, listing itself as claimant's employer. Wolf & Company's carrier did not controvert the claim and paid claimant benefits after the award was made.

Thereafter, claimant commenced a negligence action against Owners. Owners moved for summary judgment, arguing that the action was barred by Workers' Compensation Law § 29 because it was claimant's employer at the time of the accident. Supreme Court found that the existence of an employer-employee relationship was a question of fact which should be determined in the first instance by the Workers' Compensation Board. Accordingly, the court appropriately deferred its determination of that issue to the Board (*see Santigate v Linsalata*, 304 AD2d 639, 640 [2003]).

Following a hearing, a Workers' Compensation Law Judge determined that no employer-employee relationship existed between Owners and claimant. That determination was upheld by the Board, prompting this appeal by Owners. We now affirm.

The existence of an employer-employee relationship "is a factual issue for the Board to resolve and must be upheld if supported by substantial evidence" (*Matter of Simonelli v Adams Bakery Corp.*, 286 AD2d 805, 805 [2001], *lv dismissed* 98 NY2d 671 [2002]), "even if there is also other evidence that could have supported a contrary conclusion" (*Matter of Banful v Skyline Credit Ride*, 222 AD2d 871, 872 [1995]). Relevant to the determination are " 'the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work' " (*Matter of Fina v New York State Olympic Regional Dev. Auth.*, 7 AD3d 939, 940-941 [2004], quoting *Matter of Fitzpatrick v Holimont*, 247 AD2d 715, 715 [1998], *lv dismissed* 92 NY2d 888 [1998], *lv denied* 94 NY2d 755 [1999]). Notably, no single factor—including a contractual provision purporting to establish the existence of an employer-employee relationship—is necessarily determinative (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553,

558-560 [1991]; *Matter of Fina v New York State Olympic Regional Dev. Auth., supra* at 940).

Record evidence exists supporting Owners' contention that claimant was its employee. A contract executed by Owners and Wolf & Company provides that individuals hired by Wolf & Company to care for and maintain property owned by Owners would be considered employees of Owners and that Owners would carry workers' compensation insurance to cover such employees. Claimant's W-2 form for 1997 lists Owners as the employer, as does his payroll record for the latter half of 1997. In addition, claimant's testimony suggests that he obtained supplies from and took some direction from a supervisor who worked for Owners.

On the other hand, it is undisputed that claimant reported to employees of Wolf & Company, and the evidence as a whole suggests that Wolf & Company directed and controlled claimant's work activity. He was hired by Wolf & Company and his letter of termination came from Wolf & Company. In addition, claimant was injured in March 1997 and his payroll record during the period ending March 31, 1997 and for periods prior to that point list Wolf & Company as claimant's employer. Although testimony was introduced that Wolf & Company paid employees of Owners and was later reimbursed, no documentary evidence of the claimed reimbursement was included in the record. Finally, as indicated above, the accident report indicated Wolf & Company as claimant's employer and Wolf & Company's workers' compensation carrier paid claimant's benefits. On this record, although a different conclusion would have been supportable, we find substantial evidence to uphold the Board's determination (*see Matter of Topper v Cohen's Bakery*, 295 AD2d 872, 873 [2002]; *Matter of Simonelli v Adams Bakery Corp., supra* at 806; *Matter of Banful v Skyline Credit Ride, supra* at 872).

We have considered each of Owners' remaining contentions, but find no basis to disturb the Board's determination.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.