◼ In the Matter of the Claim of ALVARO LEON, Also Known as ALVARO LOPEZ, Respondent, v STEVEN NEWMAN, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [804 NYS2d 132]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 21, 2004, which, inter alia, ruled that claimant was an employee of Steven Newman.

On February 20, 2001, claimant was plastering a ceiling on the second floor of a building located at 335 West 38th Street in Manhattan when he fell from a scaffold and injured himself. The building was being renovated into apartments and the unit in which claimant was working was owned by Steven Newman and was used as his residence. Following claimant's injury, he made an application for workers' compensation benefits and

also commenced a civil action against Newman, among others. His workers' compensation claim was controverted and various hearings were subsequently held before a Workers' Compensation Law Judge (hereinafter WCLJ). At the final hearing, which Newman did not attend, the WCLJ precluded his future testimony and also discharged Allstate Insurance Company, with whom Newman maintained a renter's insurance policy covering the subject premises, from the case. The WCLJ rendered a decision finding, among other things, that claimant was an employee of Newman, who was uninsured, and awarded him workers' compensation benefits. The Workers' Compensation Board affirmed the WCLJ's decision, resulting in this appeal.

The threshold issue in this case is whether an employment relationship existed between claimant and Newman. We note that this is a factual question for the Board to resolve and its findings in this regard will be upheld if supported by substantial evidence (*see Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]; *Matter of Chalcoff v Project One*, 12 AD3d 872, 873-874 [2004]). Although no one factor is dispositive, " 'relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work' " (*Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004], quoting *Matter of Semus v University of Rochester*, 272 AD2d 836, 837 [2000]; *see Matter of Fina v New York State Olympic Regional Dev. Auth.*, 7 AD3d 939, 940 [2004]).

Here, the only evidence adduced at the hearing concerning the nature of the relationship between claimant and Newman was claimant's testimony. Claimant stated that a man by the name of Giovanni hired him to plaster the ceiling of Newman's apartment. He indicated that Giovanni paid him in cash and supplied all the materials. He acknowledged that Giovanni obtained the money from Newman and that, on occasions when he wanted to leave early on Saturdays, Giovanni instructed him to wait until Newman arrived with the money. He testified that he supplied his own tools and set his own hours.

In our view, the foregoing does not constitute substantial evidence supporting the Board's finding of an employer-employee relationship between claimant and Newman. Rather, the proof establishes that claimant was a skilled craftsperson who worked fairly autonomously and that he was hired, through Giovanni, to perform a very specific task at Newman's residence. Although the record contains a brief written statement given by Newman and submitted to the Board on claimant's appeal of a coverage

issue, this statement was not evidence before the WCLJ nor considered by him in rendering the decision. Moreover, since this statement is conclusory in nature and fails to set forth any *facts* which suggest the existence of an employer-employee relationship between claimant and Newman, it cannot be considered substantial evidence. Accordingly, the Board's decision must be reversed. In view of our disposition, we need not address Newman's remaining contentions.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.