■ In the Matter of the Claim of MICHAEL DISHAW, Appellant, v MIDAS SERVICE EXPERTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [810 NYS2d 600]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 17, 2004, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant, the manager of an automotive shop, sustained injuries to his head, neck and back in 2001. Following several hearings, his case was established and he began receiving workers' compensation benefits. The Workers' Compensation Board, however, ultimately determined that claimant had made material misrepresentations relative to his medical history and, as such, disqualified him from receiving wage replacement benefits. Claimant now appeals and we affirm.

Initially, we reject claimant's allegation that his due process rights were violated. Contrary to his contention, the issue as to whether claimant knowingly misrepresented material facts was raised during the May 2002 hearing. In any event, "[i]t lies within the Board's discretion to entertain arguments not raised before the Workers' Compensation Law Judge" (*Matter of Fina v New York State Olympic Regional Dev. Auth.*, 7 AD3d 939, 940 [2004]). Additionally, we discern no error in the Board's review

and consideration of claimant's past compensation cases in rendering its decision here (*see* Workers' Compensation Law § 123).

Turning to the merits, a review of the record reveals substantial evidence in support of the Board's determination that claimant made intentional misrepresentations, both to his attending physicians and while testifying herein, in an apparent attempt to downplay the significance of prior accidents and his preexisting medical condition. Accordingly, we will not disturb the Board's decision that claimant violated Workers' Compensation Law § 114-a (*see Matter of McCormack v Eastport Manor Constr.*, 19 AD3d 826, 828 [2005]; *Matter of Bowes v Gulinello's Town & Country*, 3 AD3d 805, 806 [2004]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.