■ In the Matter of the Claim of ROBERT SCIMECA, Respondent, v AMERICAN OVERSEAS EXPRESS INTERNATIONAL, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 214]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 5, 2004, which ruled that claimant was an employee of American Overseas Express International, Inc. at the time of his accident.

Claimant was driving a truck in the course of his employment when he sustained compensable injuries in a vehicular accident. Although the State Insurance Fund (hereinafter SIF), the carrier for American Overseas Express International, Inc. (hereinafter AOE), initially accepted the claim, a coverage dispute thereafter arose. Affirming a reserved decision of workers' compensation law judge following hearings on the issue, the Workers' Compensation Board ruled that claimant was employed by AOE and not by a related entity, AOE Customs House Service (hereinafter Customs House). AOE and SIF appeal.

The existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its finding must be upheld if it is supported by substantial evidence (*see Matter of Bugaj v Great Am. Transp., Inc.,* 20 AD3d 612, 614 [2005]; *Matter of Pilku v 24535 Owners Corp.,* 19 AD3d 722, 723 [2005]; *Matter of Jin Liu v Tak Chan Yeung,* 15 AD3d 752, 752 [2005]). While no single factor is determinative, "[f]actors relevant to such a finding include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue" (*Matter of Bugaj v Great Am. Transp., Inc., supra* at 614-615; *see Matter of Pilku v 24535 Owners Corp., supra; Matter of Chalcoff v Project One,* 12 AD3d 872, 873 [2004]). Here, claimant and Joseph Costanzo, the principal of AOE, testified that claimant was hired by and worked for AOE. The name of AOE was displayed on the trucks driven by claimant, the building to which he reported and the bills of lading, and his paychecks were issued by AOE "d/b/a AOE Customs House Service." Costanzo testified that Customs House was, at the time of claimant's accident, a "d/b/a" that was utilized by AOE for accounting purposes. To the extent that AOE and SIF challenge the credibility of claimant and Costanzo, resolution of such an issue is within the Board's province (*see Matter of Thomasula v Wilson Concrete & Masonry,* 15 AD3d 796, 796 [2005]; *Matter of Medina v Building Maintenance Serv.,* 302 AD2d 774, 776 [2003]; *Matter of Rue v North-*

*east Timber Erectors,* 289 AD2d 787, 789 [2001], *lv dismissed* 98 NY2d 671 [2002], *lv denied* 99 NY2d 503 [2002]).

Although AOE and SIF cite evidence that Customs House utilized different employer registration and federal identification numbers than AOE, their arguments that Customs House was a separate corporation from AOE at the time of claimant's accident is not supported by testimonial or documentary evidence in the record. Inasmuch as the Board's determination that claimant was employed by AOE is supported by substantial evidence, it will be upheld even though the record contains evidence that could support a contrary result (*see Matter of Bugaj v Great Am. Transp., Inc., supra* at 615; *Matter of Pilku v 24535 Owners Corp., supra* at 724; *Matter of Marques v Salgado,* 12 AD3d 817, 819 [2004]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.