■ In the Matter of the Claim of Todd Carlson, Respondent, v Martin Akin et al., Appellants. Workers' Compensation Board, Respondent. [821 NYS2d 671]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 27, 2004, which ruled that claimant was an employee of Martin Akin.

Claimant was working as a laborer at a construction site in Chautauqua County on February 6, 2003 when a nail that he was hammering struck and injured his right eye. Martin Akin was the contractor who offered claimant the opportunity to work on the job. Claimant's workers' compensation claim proceeded to a hearing, after which a Workers' Compensation Law Judge found that claimant was an employee of Akin. The Workers' Compensation Board affirmed that determination and Akin appeals.

The sole issue on this appeal is whether the Workers' Compensation Board correctly determined that there was an employer/employee relationship between Akin and claimant. This is a factual issue to be resolved by the Board, and its finding must be upheld if supported by substantial evidence (*see Matter of Scimeca v American Overseas Express Intl., Inc.*, 27

AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006]; *Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614 [2005]; *Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]). While no single factor is controlling, including the oral agreement between claimant and Akin designating claimant as an independent contractor (*see Matter of G. Fried Westbury, Inc. [Sweeney]*, 239 AD2d 677, 677 [1997]), "[f]actors relevant to such a finding include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue" (*Matter of Bugaj v Great Am. Transp., Inc., supra* at 614-615; *see Matter of Scimeca v American Overseas Express Intl., Inc., supra*). The record reveals that Akin hired claimant to perform unskilled labor at an hourly rate within a daily schedule established by Akin. Claimant reported the number of hours he worked in a week and Akin paid him by check on a weekly basis. Claimant brought his own hammer to the work site, but Akin provided all other necessary tools and equipment. Supplies were purchased against Akin's account at a local lumber store, and claimant generally used Akin's truck to transport the supplies to the work site. Claimant's duties, other than keeping the work site clean, were performed at the instruction of Akin and other skilled workers, and Akin had the right to fire claimant. In our view, the record contains substantial evidence supporting the Board's conclusion that claimant was Akin's employee (*see Matter of Marques v Salgado*, 12 AD3d 817 [2004]) and, thus, the determination must be affirmed notwithstanding evidence that could support a contrary result (*see Matter of Bugaj v Great Am. Transp., Inc., supra* at 615; *Matter of Marques v Salgado, supra* at 819).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.