■ In the Matter of the Claim of CARLOS RIVAS, Appellant, v ZALMAN WALDMAN, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [829 NYS2d 725]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 18, 2005, which ruled that claimant was not an employee of Zalman Waldman and denied his claim for workers' compensation benefits.

In June 2002, claimant sustained an injury to his right thigh while operating a circular saw to perform repair work on a door in a bungalow that was rented by a tenant, Yetti Deutsch, and owned by Zalman Waldman. Claimant's workers' compensation claim was ultimately disallowed by the Workers' Compensation Board on the basis that there was insufficient evidence of an employment relationship between him and Waldman. Claimant now appeals and we affirm.

Whether an employer-employee relationship exists is a factual question for resolution by the Board and its determination must be upheld so long as it is supported by substantial evidence (*see Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006]; *Matter of Wald v Avalon Partners, Inc.*, 23 AD3d 820, 820 [2005]). Hearing testimony in this matter established that Waldman never hired claimant to undertake repair work at the bungalow colony. Instead, claimant was periodically hired by various tenants to perform odd jobs and other services on an individual basis. As to the incident in which claimant was injured, testimony revealed that he had agreed to do the repair work at the direct request of Deutsch and without any involvement of Waldman. To the extent that there was testimony supporting claimant's position that an employment relationship existed, this presented a credibility determination that was within the Board's province to resolve (*see Matter of Scimeca v American Overseas*

*Express Intl. Inc., supra* at 982-983; *Matter of Jin Liu v Tak Chan Yeung*, 15 AD3d 752, 752 [2005]). Based upon the foregoing, we find that the requisite substantial evidence supports the Board's decision.

As a final matter, despite Waldman's urging, we do not deem this appeal to be so frivolous as to require the imposition of sanctions.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.