■ In the Matter of the Claim of MICHAEL DAVID BROWN, Respondent, v CITY OF ROME, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 279]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed December 26, 2007, which ruled that an employer-employee relationship existed between claimant and the City of Rome.

Claimant entered into an agreement with his alleged employer, the City of Rome, to provide guidance to certain community organizations and to develop and implement various urban renewal initiatives. He was injured while at work and filed a workers' compensation claim, which the City disputed on the grounds that he was an independent contractor. The Workers' Compensation Board ultimately determined that an employer-employee relationship existed between the City and claimant. The City appeals and we affirm.

Whether an employer-employee relationship exists is a factual issue for the Board, and its finding will be upheld if substantial evidence in the record supports it (*see Matter of Long v Liberty Mut. Ins. Co.*, 56 AD3d 837, 839 [2008]; *Matter of Jara v SMJ Envtl., Inc.*, 55 AD3d 1157, 1158 [2008]). The relevant factors in making "such a finding include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue" (*Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614-615 [2005]). No one factor is dispositive, however, including the fact that the contract between claimant and the City designates claimant as an independent contractor (*see Matter of Carlson v Akin*, 32 AD3d 1131, 1132 [2006]; *Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853, 853 [1999]). The record reflects that claimant was

supervised by city employees and that the City had authority to discharge him. He was required by those supervisors to work certain hours and attend city department meetings, he received directives from the City's mayor and other city officials, and he supervised city employees that were assigned to him. Claimant was paid by the City on a monthly basis, needed preapproval from the City for his expenses and used office equipment and supplies provided by it. In our view, these facts constitute substantial evidence supporting the Board's determination, notwithstanding the presence of evidence that could support a contrary result (*see Matter of Jara v SMJ Envtl., Inc.*, 55 AD3d at 1158; *Matter of Carlson v Akin*, 32 AD3d at 1132).

Rose, J.P., Kane, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.