■ In the Matter of the Claim of JUAN BRAN, Respondent, v RALPH WIMBISH, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 398]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 2009, which ruled, among other things, that claimant was an employee of Ralph Wimbish.

In February 2008, claimant was hired by Ralph Wimbish to perform sheetrocking work at an apartment. On February 12, 2008, claimant sustained an injury when he fell from a ladder while working in the apartment and he applied for workers' compensation benefits. In an amended decision, a Workers' Compensation Law Judge found, among other things, that an employer-employee relationship existed between claimant and Wimbish and set claimant's average weekly wage at $620. The Workers' Compensation Board affirmed that determination and Wimbish now appeals.

"The existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its finding must be upheld if it is supported by substantial evidence" (*Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006] [citations omitted]). In making such a determination, "relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work" (*Matter of Semus v University of Rochester*, 272 AD2d 836, 837 [2000]; *accord Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004]). Further, no single factor is controlling and the Board may base its determination on one or more of the factors (*see Matter of Marques v Salgado*, 12 AD3d at 819).

Here, the record reveals that Wimbish hired claimant in the parking lot of a home improvement store, provided daily transportation between the store and the work site and instructed him on what work needed to be done. Claimant testified that he had worked for Wimbish for approximately two weeks prior to his fall and that Michael Denton, who claimant identified as a business partner of Wimbish, would stop by the apartment to check on his work. Wimbish paid claimant in cash at the end of each workday and supplied him with equipment, including spackle, spackling tools and a ladder. Claimant further testified that, prior to his fall, Wimbish had promised continued work for him, but he has not worked since the incident. To the extent that the testimony of Wimbish and Denton contradicted that of claimant, this created a credibility

issue that was within the Board's province to resolve (*see Matter of Rivas v Waldman*, 37 AD3d 916, 916 [2007]). In our view, the record contains substantial evidence supporting the Board's determination that an employer-employee relationship existed between claimant and Wimbish, notwithstanding evidence in the record that could support a contrary result (*see Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 615 [2005]).

We do, however, find merit in Wimbish's contention that the Board's calculation of claimant's average weekly wage at $620 was improper. The Board concluded that the formulas in Workers' Compensation Law § 14 (1) and (2) were inapplicable in calculating the average weekly wage under these circumstances and, instead, based the calculation on claimant's testimony regarding his work schedule. Even accepting claimant's testimony that he worked for Wimbish for three or four days a week at $130 per day for a total of two weeks, this does not support the Board's calculation of a weekly average of $620. Inasmuch as there is an inadequate basis in the record for the Board's calculation, this matter must be remitted for further proceedings (*see generally Matter of Gast v Ozanam Hall of Queens*, 259 AD2d 862, 862-863 [1999]).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as calculated claimant's average weekly wage at $620; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.