■ In the Matter of the Claim of WALTER MENDOZA, Respondent, v JOSEPH DOLGETTA, Trading as A & J DISTRIBUTOR, Appellant, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 306]—

Garry, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed May 7, 2008, which, among other things, ruled that claimant was an employee of Joseph Dolgetta.

Claimant was injured when he fell off a loading dock. He thereafter applied for workers' compensation benefits, listing A & J Distributor as his employer. A workers' compensation law judge found, among other things, that an employer-employee relationship existed between claimant and Joseph Dolgetta, trading as A & J Distributor, and set claimant's average weekly wage at $400. The Workers' Compensation Board affirmed that determination and Dolgetta now appeals.

"The existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its finding must be upheld if it is supported by substantial evidence" (*Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006] [citations omitted]). In making this determination, relevant factors include "the right to control the work, the method of payment, the right to discharge and the relative nature of the work" (*Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 938 [2008]).

Here, claimant testified that he asked Dolgetta, who runs a meat delivery business, for a job. Dolgetta spoke to him about being a delivery driver and on the next morning—a Friday—picked claimant up to accompany Dolgetta to the meat market and on the delivery route. Claimant testified that Dolgetta told him what his weekly work schedule would be and, at the end of the day, paid him $100. Claimant testified that on the next Sunday, he called Dolgetta, who stated that he would not hire claimant. However, when claimant reiterated his need for a job, Dolgetta told claimant that he would pick him up the next morning. On Monday, claimant rode with Dolgetta to the meat market where, according to claimant, he helped both Dolgetta and Dolgetta's son load meat into the vans before he fell. In rebuttal, Dolgetta testified that he had no intention of hiring claimant, that he never discussed a work schedule or salary with him, and that he only offered to take him to the meat market on Monday to give him an opportunity to speak with other potential employers. Dolgetta further testified that the money he gave claimant on Friday was not payment for work performed, but was intended to help claimant recover his repossessed vehicle.

This contradictory testimony created a credibility issue within the Board's authority to resolve (*see Matter of Rivas v Waldman*, 37 AD3d 916, 916 [2007]). Notwithstanding the evidence to the contrary, substantial evidence supports the Board's find-

ing that an employer-employee relationship existed here (*see Matter of Bran v Wimbish*, 73 AD3d 1378, 1379-1380 [2010], *lv dismissed* 15 NY3d 818 [2010]).

Finally, Dolgetta's remaining contention—that the Board's calculation of claimant's average weekly wage was improper—was not raised in his application for Board review and is therefore unpreserved for our review (*see Matter of Beers v Jump Start Advanced Academics*, 57 AD3d 1026, 1028 [2008]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.