Matter of Smith v 129 Ave. D, LLC (2018 NY Slip Op 03882)





Matter of Smith v 129 Ave. D, LLC


2018 NY Slip Op 03882


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

524461

[*1]In the Matter of the Claim of JOEY SMITH, Appellant,
v
129 AVENUE D, LLC, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for 129 Avenue D, LLC and another, respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed November 3, 2016, which ruled that an employer-employee relationship did not exist between claimant and 129 Avenue D, LLC.
Claimant, a construction and demolition worker, filed a claim for workers' compensation benefits contending that he sustained a work-related injury to his right eye in July 2015 when he fell from a ladder while changing a light bulb. At the
time of the incident, claimant was assisting Rolando Dominguez, a building superintendent employed by 129 Avenue D, LLC (a residential and commercial property company). Despite some initial confusion on this point, the identity of the alleged employer (129 Avenue D, LLC) and its workers' compensation carrier ultimately was established, and the matter proceeded to a hearing in February 2016. After considering the testimony offered by claimant and Ron Maseroni, a principal of 129 Avenue D, LLC, the Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant was not an employee of 129 Avenue D, LLC. Upon administrative review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.
We affirm. Preliminarily, it is apparent from the Board's decision that it expressly [*2]adopted the WCLJ's findings of fact and opinion following "a complete and independent review of the record"; as such, we are satisfied that the Board's decision complied with the requirements of Workers' Compensation Law § 23 (see Matter of Pereira-Jersey v Rockland Community Coll., 151 AD3d 1154, 1156 [2017]; Matter of Bonner v Brownell Steel, Inc., 57 AD3d 1329, 1329 [2008]). Although claimant also faults the Board for failing to address certain issues, including whether claimant could be deemed to be an employee of Dominguez or whether Dominguez, in turn, could be deemed to be an agent of 129 Avenue D, LLC, "the Board is not obligated to consider an issue that was not raised and developed at the hearing before the WCLJ" (Matter of Hernandez v Excel Recycling Corp., 31 AD3d 1091, 1092 [2006] [internal quotation marks and citation omitted]). Additionally, these claimed deficiencies were not raised in claimant's application for Board review (see Matter of Duncan v John Wiley & Sons, Inc., 137 AD3d 1430, 1431 [2016]). Hence, claimant's arguments have not been preserved for our consideration (see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Finally, "[w]hether an employer-employee relationship exists is a factual question for resolution by the Board and its determination must be upheld so long as it is supported by substantial evidence" (Matter of Rivas v Waldman, 37 AD3d 916, 916 [2007]; see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1104 [2018]; Matter of Mendoza v Dolgetta, 81 AD3d 1043, 1044 [2011]). "In making such a determination, relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work" (Matter of Bran v Wimbish, 73 AD3d 1378, 1379 [2000] [internal quotation marks and citations omitted], lv dismissed 15 NY3d 818 [2010]; see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d at 1104).
Claimant testified that he was contacted by Maseroni to perform certain demolition work and, while on the premises for that purpose, claimant noticed that two light bulbs in a hallway had burned out. According to claimant, he then sought out Dominguez, who instructed him to replace the light bulbs — setting into motion the chain of events leading to claimant's alleged injury. Maseroni, however, testified that claimant was not on the alleged employer's payroll, and that he neither hired claimant to perform work for 129 Avenue D, LLC nor otherwise directly assigned any tasks to claimant. Maseroni further testified that, with respect to any repair projects assigned to Dominguez, it was up to Dominguez to either "bring[] in [whatever] resources he wants or do[] it himself" — a decision over which Maseroni "[did not] really have control." This conflicting testimony presented a credibility determination for the WCLJ and the Board to resolve (see Matter of Rivas v Waldman, 37 AD3d at 916). The record further reflects that, with one exception, claimant was paid in cash by Dominguez or via checks made payable to Dominguez and signed over to claimant. Under these circumstances, we discern no basis upon which to disturb the Board's decision. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.