Matter of Knapp v Bette & Cring LLC (2018 NY Slip Op 08218)





Matter of Knapp v Bette & Cring LLC


2018 NY Slip Op 08218


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525540

[*1]In the Matter of the Claim of ROBERT G. KNAPP, Appellant,
v
BETTE & CRING LLC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Law Firm of Alex C. Dell, PLLC, Albany (Alex C. Dell of counsel), for appellant.
Stockton, Barker & Mead, LLP, Troy (Sean T. Weber of counsel), for Bette & Cring LLC and another, respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed November 23, 2016, which, among other things, precluded an independent medical examination report and related deposition testimony submitted by claimant.
After claimant suffered a work-related injury in 2010, he was awarded workers' compensation benefits and was determined to have a 40.50% schedule loss of use of the left foot. In June 2015, on due notice to the employer and the Workers' Compensation Board, claimant's attorney wrote to Richard Saunders, an independent medical examiner, requesting that he update his earlier assessment of claimant's loss of use of his left foot. Following an examination of claimant, Saunders filed a letter report with the Board finding an 88% schedule loss of use. Upon receipt of the report, the Board reopened the case. Thereafter, Richard Karpman performed an independent medical examination on behalf of the employer and found a 50% schedule loss of use. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) considered the opinions of both physicians and found no change in claimant's condition to warrant an increase in the schedule loss of use award. On review, the Board credited Karpman's opinion and granted an increase of claimant's schedule loss of use award to 50%. In so finding, the Board precluded Saunders' report and deposition testimony pursuant to its Subject No. 046-124, which requires a party or his or her representative to provide a copy of any written communication with a health care professional to the opposing parties and their representative. Claimant now appeals, challenging the preclusion of Saunders' report and testimony.
Initially, we reject claimant's contention that the issue regarding a written communication with Saunders was not properly before the Board. The issue was raised during the hearing before the WCLJ and, in any event, "[i]t lies with the Board's discretion to entertain [*2]arguments not raised before the [WCLJ]" (Matter of Fina v New York State Olympic Regional Dev. Auth., 7 AD3d 939, 940 [2004]; accord Matter of Dishaw v Midas Serv. Experts, 27 AD3d 921, 921 [2006]).
Turning to the merits, Workers' Compensation Law § 13-a (6) prohibits "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." Moreover, "any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity, including a claimant, an insurance carrier, or a
third[-]party administrator, that takes place or is initiated outside of the independent medical examination" (12 NYCRR 300.2 [b] [11]) shall be filed with the Board within 10 days of the receipt of the communication (see Workers' Compensation Law § 137 [1] [b]).
In accordance with these requirements, and in response to "numerous inquiries concerning whether a particular communication between a party to a workers' compensation claim and a treating health care provider or independent medical examiner[] is permissible," the Board issued Subject No. 046-124, on November 24, 2003 (Workers' Comp Bd Release Subject No. 046-124). Pursuant to Subject No. 046-124, the Board requires that, in addition to strictly complying with the requirements of Workers' Compensation Law §§ 13-a (6) and 137 (1) (b), "parties and their representatives should make every effort to avoid even the appearance that they are attempting to influence the opinion of a health care professional" (Workers' Comp Bd Release Subject No. 046-124). The Board further requires that "to avoid even the appearance that they are not acting in good faith, parties and their representatives are required to send a copy of any written communication with a health care professional to the opposing parties and their legal representative" (Workers Comp Bd Release Subject No. 046-124).
In our view, Subject No. 046-124 comports with the Board's obligation to ensure the integrity of independent medical examinations (see generally Matter of Fernandez v Royal Coach Lines, Inc., 146 AD3d 1220, 1221 [2017]) and the Board's administrative and discretionary authority. That said, the nature of a communication must be considered in context. Here, at the conclusion of Saunders' deposition, the employer's attorney inquired whether claimant's attorney had communicated with him regarding the claim. Saunders responded that he had received a text message from the attorney the day before the deposition indicating that the deposition would address claimant's schedule loss of use, but that there was no discussion with counsel. The employer's attorney asked no further questions and made no request for claimant to produce a copy of the text message, a copy of which is not in the record. We are left then with what appears to be a limited communication between claimant's counsel and Saunders confirming the subject of the deposition. Significantly, there is no dispute that Saunders' ensuing deposition testimony fully comported with the report that he had previously filed with the Board — an outcome illustrating that claimant's counsel in no way influenced Saunders' testimony through the text message. In our view, verifying the subject of the deposition was simply ministerial in nature and does not reflect an effort to influence the witness testimony. Under these circumstances, we conclude that the Board's decision to preclude Saunders' report and deposition testimony based on what the Board considered an appearance of impropriety was unwarranted and constitutes an abuse of discretion. Accordingly, we remit the matter to the Board for a determination based on the full record, including the report and testimony of Saunders.
Egan Jr., Mulvey and Rumsey, JJ., concur.




McCarthy, J.P. (dissenting).


I agree with the majority that the Workers' Compensation Board had the authority to create and apply Workers' Compensation Board Subject No. 046-124, which requires parties and their representatives "to send a copy of any written communication with a health care professional to the opposing parties and their legal representative" (Workers' Comp Bd Release Subject No. 046-124). However, I cannot conclude that the Board abused its discretion in its [*3]application here. It is undisputed that claimant's counsel sent a text message to Richard Saunders, an independent medical examiner, and did not send a copy of that written communication to the opposing parties or their counsel. At no time was a copy provided to any other party or the Board. To avoid any appearance of impropriety, the Board precluded Saunders' testimony and medical report. I would uphold that exercise of the Board's discretion.
The issue here distills to who bears the burden of creating a record to ensure that the parties meet the goal of Subject No. 046-124 — to avoid not only improper influence but even the appearance of impropriety by requiring parties to provide opposing parties with a copy of any written communication with a health care professional. The majority states that the text message interaction "appears to be a limited communication" (emphasis added) because, after Saunders testified that claimant's attorney sent him a text message the day before his deposition, the employer's attorney did not ask follow-up questions or request that claimant produce a copy of the text message. This view places the burden on the wrong party. The employer should not have to demand — or be penalized for failing to demand — a document that claimant was required, pursuant to Subject No. 046-124, to provide without a request. Instead, the burden should rest on the party who has engaged in improper ex parte communication with a health care professional to produce a copy of the written communication for the record, if that party wishes to establish that he or she did not improperly attempt to influence the health care professional.
Rather than speculate regarding the nature of the communication, the Board rendered a determination based on the appearance of impropriety, which was evident from the lack of a full record. That determination correctly placed the burden on the party whose counsel violated the requirement of Subject No. 046-124. Accordingly, the Board did not abuse its discretion in precluding Saunders' testimony. Because this preclusion meant that Saunders was not subject to cross-examination regarding his medical report, that document was properly precluded as well. Hence, I would affirm.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.