Matter of Loper v Suffolk County Water Auth. (2026 NY Slip Op 01832)

Matter of Loper v Suffolk County Water Auth.

2026 NY Slip Op 01832

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-25-0134
[*1]In the Matter of the Claim of Gerald Loper, Appellant,
vSuffolk County Water Authority et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 19, 2026

Before:Garry, P.J., Clark, Pritzker, McShan and Corcoran, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Suffolk County Water Authority and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed December 26, 2024, which ruled that claimant's claim for hearing loss was time-barred by Workers' Compensation Law § 28.
Claimant performed various tasks for the employer between 1995 and 2021. He filed a claim for workers' compensation benefits in 2022, alleging that he had binaural hearing loss caused by occupational noise exposure. Following further proceedings, the Workers' Compensation Board issued a decision in December 2024 which disallowed the claim as untimely under Workers' Compensation Law § 28. Claimant appeals from that decision.
After the issuance of the December 2024 decision, claimant applied to the Board for reconsideration and/or full Board review. The result of that application was a June 2025 decision in which the Board amended and superseded the December 2024 decision and found that, although the claim was timely, it must be disallowed because there was insufficient medical evidence of causally-related hearing loss.[FN1] The issuance of the June 2025 amended decision rendered this appeal moot (see Matter of Djukanovic v Metropolitan Cleaning LLC, 177 AD3d 1060, 1060-1061 [3d Dept 2019]; Matter of Bleakley v Verizon Servs. Group, 104 AD3d 1099, 1100 [3d Dept 2013]). As the June 2025 amended decision is not substantially similar to the one on appeal and, indeed, overturns the basis for that decision and disallows the claim on different grounds, its merits "may not be reviewed upon this appeal" (Matter of Rubino v City of New York, 27 AD2d 588, 588 [3d Dept 1966]; cf. Matter of Chalcoff v Project One, 12 AD3d 872, 872 [3d Dept 2004]; Matter of Raynor v Allegheny Ludlum Steel Corp., 36 AD2d 1007, 1007 [3d Dept 1971]). Claimant served a notice of appeal from the June 2025 decision that was deemed dismissed in December 2025 due to his failure to perfect the appeal in a timely manner, leaving his remedy, if any, in moving to vacate that dismissal and prosecuting that appeal (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [a], [c]; Matter of Bock v Burns, Van Kirk, Greene & Kafer, 81 AD2d 684, 684 [3d Dept 1981]).
Garry, P.J., Clark, Pritzker and Corcoran, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Although this appeal is from the December 2024 decision, and the proposed record list and certification were prepared before the June 2025 decision was even issued, claimant has improperly included the June 2025 decision and his notice of appeal from it in the record (see Rules of App Div, 3d Dept [22 NYCRR] § 850.14 [b]).