KATHLEEN A. GALLIGAN, Respondent, v. ST. VINCENT'S HOSPITAL OF THE CITY OF NEW YORK, Appellant.— STALEY, JR., J.

594

Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr.; Gibson, P. J., concurs in a separate memorandum, in which Reynolds, Aulisi and Staley, Jr., JJ., concur. Gibson, P. J. (concurring). I concur in the result and in the expression of the majority's views generally and write only to emphasize my thought that the minority memorandum appears to depend in large part on a distinction far greater than seems to me warranted between the corporate defendant and its component school. The latter was not, so far as the record discloses, a separate legal entity; it was, in the words of respondent's brief, "operated * * * by the defendant-appellant"; and, having in mind the incalculable harm that any careless or otherwise incompetent worker in the hospital proper could wreak, I find incredible the suggestion or inference that the administrative officers of the corporate defendant did not have complete and undivided authority over and control of the student nurses, generally and as respected their selection and employment and their discharge, thus firmly establishing employment status. The other applicable tests demonstrate the same result. Herlihy, J., dissents and votes to affirm, in the following memorandum: The majority are reversing a verdict of the jury and dismissing the complaint as a matter of law. In this posture of the action the plaintiff is entitled to the most favorable version of the evidence and the reasonable inferences flowing therefrom. While the court would appear to be deciding the issue limited to the facts in the present case, the legal principles it proclaims are such as to deny a student nurse any common-law rights and, it might be argued, of sufficient vitality and broadness as to deny recovery in any similar student relationship. The majority bottoms its opinion upon two factors relating to the master and servant doctrine in reaching its conclusions. (1) It determines that the plaintiff was acting under the direction of a hospital nurse and, therefore, under the control of the hospital. Concededly there must be a close inter-relationship between a hospital and its nursing school, all within the same compound. In order to qualify for graduation the necessity of practical training in the intricacies of the profession is a major part of the training course. From the present record, the jury was entitled to find that the control

of the student remained with those in charge of the school and that the hospital nurse was for all practical purposes a teacher, but whose only direction or control over the student was to report to the school authorities her aptitude for nursing, her abilities, her willingness to obey orders and such other information as would aid the authorities in giving the student a proper mark in the particular course then being pursued. (2) As to the finding of remuneration, it seems somewhat incongruous to rely upon the student benefits set forth in the record for the purpose of defeating this cause of action. The hospital made the rules, not the student. The amount paid by a student over a three-year period was something over $500, together with the cost of books and other necessary items and as part of the agreement, the nursing school agreed to furnish room and board in residences provided for that purpose. This arrangement, peculiar to the situation, was not a sufficient basis to constitute a finding as a matter of law that the student was barred from bringing the action because she was paid for her services within the contemplation of the Workmen's Compensation Law. The jury had a right to find otherwise. The majority cites Workmen's Compensation cases which made awards to student nurses. Admittedly, if the present plaintiff had elected to seek compensation, the board, no doubt, would have made a factual finding that she was an employee, but that is neither controlling nor binding in this present action. It seems to me that the situation here is analogous but in reverse of *Sivertsen* v. *State of New York* (24 A D 2d 918, revd. 19 N Y 2d 698). In that action involving injuries to the claimant as the result of the breaking of a stretcher, this court reversed a finding of common-law liability and found as a matter of law that the claimant was within the ambit of the Workmen's Compensation Law. The Court of Appeals reversed this legal finding and directed this court to make factual findings with reference to common-law negligence, which findings in favor of the claimant this court made in 28 A D 2d 571. In other words, whether it be compensation or common law, the issue in the first instance is factual and the present record sustains the factual finding and leaves no ground for the legal finding made by the majority. Accordingly, I would affirm the partial judgment in favor of the plaintiff.