DEBRA K. WRIGHT v. WILSON MEMORIAL HOSPITAL, INC.

No. 7610SC84

(Filed 7 July 1976)

**Master and Servant § 49— workmen's compensation — laboratory assistant trainee — apprentice employee of hospital**

   A laboratory assistant trainee receiving on-the-job training at a hospital under an agreement between the hospital and a technical institute at which the trainee was a student was an apprenticeship employee within the meaning of the Workmen's Compensation Act; therefore, her sole remedy to recover for injuries received while engaged in such training lies within provisions of the Workmen's Compensation Act, and summary judgment was properly entered for the hospital in a civil action brought by the trainee to recover for those injuries. G.S. 97-2(2).

   APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 3 December 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 11 May 1976.

   In her verified complaint plaintiff, then a student at Holding Technical Institute (now Wake Technical Institute), alleged that ". . . while engaged in . . . on the job training" at defendant's hospital as a lab technician and while ". . . using a piece of equipment which dispenses a highly critical and highly caustic acid used in blood evaluations . . . the .acid container . . . burst and sprayed the highly caustic acid solution into plaintiff's face causing serious and very painful . . ." injuries. Plaintiff alleged that the injuries resulted from defendant's negligence and prayed, inter alia, for $115,000 in damages.

   Defendant's answer denied plaintiff's material allegations and averred that plaintiff's sole remedy, if any, arose under the State's Workmen's Compensation Act.

   Subsequent to the filing of its answer, defendant moved for summary judgment. According to its supporting documentation, plaintiff, training as a laboratory assistant, worked for defendant under a broad contract executed between the Institute and defendant hospital. Pursuant to curriculum requirements, plaintiff worked at defendant hospital for 40 hours per week but received no salary from defendant. Defendant, however, provided plaintiff with free laundry service for her uniforms and further provided plaintiff with free room and board. Though defendant ". . . had no control over the selection of the

. . . [participants,] the defendant could control the number of students to be enrolled . . . [and required that] each student . . . abide by the rules and regulations of Wilson Memorial Hospital, Inc., and [retained the right to discharge participants] in the event of a violation of the rules and regulations. . . ." In addition to offering participants access to laboratory facilities, the defendant provided the requisite on-the-job training and then allowed participating trainees to conduct ". . . their tests, analyses, and procedures as the agent of the defendant in the same manner as would a full-time laboratory staff member."

Plaintiff submitted no materials in opposition to defendant's motion and stood on her verified complaint.

From the order granting defendant's motion for summary judgment, plaintiff appealed.

Other facts necessary for decision are set out below.

*Brenton D. Adams for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr., and James G. Billings, for defendant appellee.*

CLARK, Judge.

Plaintiff, contending that the trial court erred in granting defendant's motion for summary judgment, maintains that the evidence does not indicate that plaintiff is an "employee" under the Workmen's Compensation Act as a matter of law.

Under G.S. 97-2(2), an "employee" for purposes of Workmen's Compensation includes ". . . every person engaged in an employment under any . . . *apprenticeship*, express or implied, oral or written. . . ." (Emphasis supplied.)

A critical reading of this record indicates as a matter of law that the participants in this laboratory assistantship program, including this plaintiff, are acting as "apprentices" undergoing on-the-job training and hence should be considered employees subject to the provisions of Workmen's Compensation. Thus, plaintiff's rights and remedies, if any, lie solely within the provisions of the Act, and she has no civil remedy available to her. G.S. 97-10.1.

In an analogous case, the Appellate Division of the New York Supreme Court held in *Galligan v. St. Vincent's Hospital*

*of City of N. Y.,* 28 App. Div. 2d 592, 279 N.Y.S. 2d 886 (1967), that a student nurse, injured on the job in defendant's hospital, was an apprentice for purposes of New York's Workmen's Compensation Act. In *Galligan,* the plaintiff nurse basically received room and board, and laundry privileges; the New York Court held that this plaintiff had been ". . . rendering a service to the hospital for its pecuniary gain at the time of the accident, under circumstances that made her status similar to that of an apprentice. An apprentice renders services to a master in a trade for the purpose of learning the trade, receiving no remuneration outside of his board and lodging, although the master receives payment for the services rendered by the apprentice." 279 N.Y.S. 2d, at 889.

The job status of apprentice medical-related personnel is highly problematic and usually must be determined not only on a case-by-case basis but also with special regard to relevant statutory provisions. Though possibly and seemingly incongruous, a lab technician trainee could be considered a student for some purposes and an employee for others. In this regard, we are aware of the recent National Labor Relations Board decision in Cedars-Sinai Medical Center and Cedars-Sinai Housestaff Association, 223 N.L.R.B. No. 57 (March 19, 1976), wherein the Board in a four to one decision held that interns, residents and clinical fellows were "primarily students" and consequently not employees subject to the Labor Act's collective bargaining provisions. We must consider this decision in the light of the unique history and purpose of the National Labor Relations Act in treating the collective bargaining process and in the light of the educational programs for interns, residents and clinical fellows in hospitals affiliated with medical schools, which programs are fully accredited by the Council on Medical Education of the American Medical Association and by the various specialty boards. *Sub judice,* we are concerned with coverage under the Workmen's Compensation Act of trainees who learn primarily from work in a hospital affiliated with a technical school the practical and technical skills required for employment in their training specialty. We find these trainees not to be primarily students, but rather to be apprenticeship employees within the meaning of the Workmen's Compensation Act.

Though not considered in deciding this case, it appears from the record on appeal that plaintiff was covered under the

Workmen's Compensation insurance policy issued to the defendant. The agreement between Holding Technical Institute and defendant hospital contained no provision requiring either party to effect workmen's compensation insurance; nor did it contain any indemnification provision to secure defendant against any loss or damage resulting from trainee injury.

The trial court's entry of summary judgment for defendant is

Affirmed.

Chief Judge BROCK and Judge BRITT concur.