■ In the Matter of the Claim of ANIBAL REYES, Respondent, v SOUTHERN BOULEVARD PARTNERS et al., Respondents, and RENTAL AND MANAGEMENT ASSOCIATES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 17, 1979, which determined that a general-special employer relationship existed between Rental and Management Associates and Southern Boulevard Partners with responsibility equal between both employers and that Rental and Management Associates was one of the employers of the claimant. The claimant was hired as a building superintendent, to perform general maintenance duties in an apartment project owned by the respondent Southern Boulevard Partners (SBP), by a Philip Schorr, one of two general partners of SBP. Mr. Schorr was also the president of the appellant Rental and Management Associates (RMA) which was the general managing agent of the project. Inasmuch as the project was located in a high crime area the claimant was additionally engaged by Schorr to perform security duties. As a building superintendent the claimant received $220 per week and was furnished with an apartment in one of the buildings. As a security guard the claimant received $100 per month extra. The claimant's paycheck contained the names of both SBP and RMA. The claimant was injured in the course of his employment on March 27, 1977. While in his apartment, he was summoned by a tenant in another building

of the project where four men were reported loitering. Upon his arrival the claimant escorted two of the four men to their apartment located upstairs in that building. The other two men apparently left the building. While the claimant was leaving the building he was shot by one of the two men who had left. An agreement between SBP and RMA provided that all maintenance employees were to be considered in the employ of the owner SBP. The appellant relies on this provision of the agreement and additionally urges that any hiring done by RMA was done in its capacity as agent for SBP, which should make the claimant the employee of SBP solely. The appellant, therefore, contends the determination made by the board lacks a substantial evidentiary basis. Despite the agreement between RMA and SBP, the dual capacity of Mr. Schorr in relation to both the appellant and respondent, the overlapping of the claimant's duties in both positions and the names of both employers on his paychecks, as well as the circumstances surrounding his injury, supplied adequate basis for the award made. Neither usage with respect to coverage nor a specific agreement is controlling upon the issue of employment (Matter of Donoghue v De Carolis, 15 AD2d 602). The decision should be affirmed. Decision affirmed, with one bill of costs to the respondent employer and its insurance carrier against the appellant employer and its insurance carrier. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.