■ NANCY OLSSON, Respondent, v NYACK HOSPITAL, Appellant. [598 NYS2d 348] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered October 31, 1990 in Rockland County, which *inter alia,* granted plaintiff's cross motion to dismiss defendant's third affirmative defense.

The issue on this appeal is whether the Workers' Compensation Law is a bar to plaintiff's claim. Plaintiff was a student intern at defendant beginning in July 1985. Plaintiff's internship was pursuant to a "Clinical Education Agreement" (hereinafter the agreement) between Boston University, Sargent College (an affiliate of Boston University) and defendant. Pursuant to the agreement, defendant could approve the selection of interns and, if necessary, dismiss them. To receive a Bachelor of Science degree and eventual licensure as an occupational therapist, plaintiff had to acquire a minimum of six months of field work experience. She did not receive wages for her services. The agreement provided that defendant was to provide "supervised learning experiences for the affiliating students". Plaintiff worked under the supervision of Karen Seuss, an occupational therapist employed by defendant. After a period of training and supervision, plaintiff was assigned her own patient load.

Boston University procured workers' compensation insurance with Liberty Mutual covering plaintiff. Plaintiff was injured while lifting a heavy patient. Plaintiff commenced this action to recover damages for personal injuries that she sustained. In her complaint, plaintiff alleged that defendant exercised inadequate supervision, management and control in failing to select properly trained personnel to teach, instruct and supervise students, thus creating a dangerous environment resulting in her injuries.

Supreme Court, in denying defendant's motion for summary judgment, held that plaintiff's status is controlled by the agreement, which declares that students participating in the intern program shall not be deemed employees. The court found the agreement dispositive of the question of whether plaintiff was an employee for purposes of the Workers' Compensation Law.

We disagree. The facts here are not in dispute. Plaintiff's relationship with defendant fulfilled all the criteria of an

employer-employee relationship in that defendant selected the interns, retained the power to dismiss them, and controlled and supervised their work (see, Galligan v St. Vincent's Hosp., 28 AD2d 592). Though financial remuneration was not paid to plaintiff, it has been held that where, as here, necessary training and experience gained at the hospital is required for graduation and licensure, training is a thing of value and the equivalent of wages (see, Miller v Garford Labs., 172 Misc 567, affd 262 App Div 838, affd 289 NY 715).

The remedies provided by the Workers' Compensation Law are the exclusive remedies for recompense to employees injured in the course of employment. The exclusivity of the remedies provided by the Workers' Compensation Law has been reiterated on numerous occasions (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 160).

The gratuitous statement in the agreement declaring that interns are not employees cannot overcome the strong public policy declared in the Workers' Compensation Law for the protection of employees (see, Workers' Compensation Law § 11), nor can the contracting parties to the agreement, Boston University, Sargent College and defendant, contractually abrogate plaintiff's statutory entitlements (see, Workers' Compensation Law § 33; Matter of Reyes v Southern Blvd. Partners, 78 AD2d 746, lv denied 52 NY2d 703; Matter of Fonda v Fort Plain Enters., 75 AD2d 696). Neither can plaintiff elect to waive her Workers' Compensation Law benefits and proceed on a tort cause of action (see, Surace v Danna, 248 NY 18, 22).

Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.