■ SUSAN CROSTON et al., Respondents, v MONTEFIORE HOSPITAL, Appellant, et al., Defendant. [645 NYS2d 471] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered March 8, 1995, which denied defendant Montefiore Medical Center's (sued herein as Montefiore Hospital) motion for summary judgment, reversed, on the law, without costs, the motion is granted and the complaint is dismissed as against the hospital. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing the complaint as against it.

This is a personal injury action in which plaintiff Susan Croston was enrolled as a technologist-trainee in the microbiology lab of Montefiore Medical Center. On September 9, 1988, defendant Dr. Norman Sas took a blood specimen from a patient identified as "John Doe", which was then given to Ms. Croston for analysis. While performing the procedure, plaintiff was allegedly pricked by a needle which was still attached to the container of Mr. Doe's blood and, purportedly as the result of being pricked, Ms. Croston was infected with and contracted Tuberculosis and Acquired Immune Deficiency Syndrome ("AIDS").

Defendant moved to dismiss the complaint on the ground that plaintiff, as a trainee, was an employee within the context of the Workers' Compensation Law. The IAS Court denied the motion and held that an issue of fact existed as to whether plaintiff was an employee or student at the time of the incident. Defendant appeals and we now reverse.

As part of the program in which she was enrolled, Ms. Croston was required, *inter alia,* to work 7$^1$/$_2$ hours per day (8:30 A.M. to 5:00 P.M.) Monday through Friday in the various sections of the microbiology laboratory, and to perform, under supervision, the same tests on the hospital's patient's blood specimens as the certified technologists performed, for which the hospital billed patients or third-party payors for services performed by the trainee. In addition, plaintiff could be dismissed at any time for failure to follow protocol or other unsatisfactory work and the training she received was under the hospital's complete direction and control.

The remedies provided by the Workers' Compensation Law are the exclusive remedies available to an employee injured during the course of her employment (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 160; *Olsson v Nyack Hosp.*, 193 AD2d 1006, 1007). In the matter at bar, we conclude that an employer-employee relationship existed in that the hospital selected the trainees, retained exclusive power to dismiss them, and controlled and supervised their work, the product of which inured to the benefit of the hospital (*Olsson v Nyack Hosp.*, *supra*, at 1006-1007; *Galligan v St. Vincent's Hosp.*, 28 AD2d 592, 593-594). Further, although there was no financial remuneration for plaintiff's services, it has been held that the training and experience attained at the hospital, which is necessary for eventual technologist certification, is a thing of value and, therefore, equivalent to wages (*Olsson v Nyack Hosp.*, *supra*, at 1007; *Miller v Garford Labs.*, 172 Misc 567, *affd* 262 App Div 838, *affd* 289 NY 715). Concur—Rubin, Ross, Williams and Tom, JJ.

Ellerin, J. P., concurs in the result only.