682 So.2d 1235 (1996)
Keith HALLAL, Appellant,
v.
RDV SPORTS, INC., and Orlando Magic, Ltd., Appellees.
No. 96-0989.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
*1236 James R. Provencher, Orlando, for Appellant.
Bruce R. Bogan and Josh L. Poe of Eubanks, Hilyard, Rumbley, Meier and Lengauer, P.A., Orlando, for Appellees.
ANTOON, Judge.
Keith Hallal appeals a final summary judgment entered in favor of RDV Sports, Inc., and the Orlando Magic, Ltd. (Magic), which determined that workers' compensation was Mr. Hallal's sole remedy for recovering the expenses he incurred as a result of personal injuries sustained while working for the Magic. The trial court properly concluded that Mr. Hallal was an "employee" under the Florida Workers' Compensation Act when he was injured, and therefore, we affirm.
Mr. Hallal was attending the University of Massachusetts as a full-time student, pursuing a bachelors degree in sports management. In the spring of 1994, he was selected for an internship with the marketing office of the Magic. Shortly after beginning work with the Magic, Mr. Hallal sustained an injury to his ear when his head struck an antenna which was protruding from a radio mounted on the wall of the supply and copy room. Mr. Hallal later filed suit against the Magic for negligent maintenance of its premises. The Magic moved for summary judgment, asserting that it was immune from tort liability under the Florida Workers' Compensation Law.[1] The trial court agreed and entered final summary judgment in favor of the Magic.
Section 440.03, Florida Statutes (1995), provides that every employer and every employee is bound by the provisions of the Workers' Compensation Law. Section 440.02(13)(a) defines "employee" as "any person engaged in any employment under any appointment for contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes but is not limited to aliens and minors." *1237 Specifically excluded from the definition of "employee" is the term "volunteer." Section 440.02(13)(d)6 provides that "[a] person who does not receive monetary remuneration for his services is presumed to be a volunteer unless there is substantial evidence that valuable consideration was intended by both employer and employee." Mr. Hallal contends that he falls within the statutory definition of a volunteer because he did not receive monetary remuneration for his services as an intern, and because the record does not contain substantial evidence that he and the Magic intended to exchange valuable consideration. We disagree.
The record establishes that interns with the Magic are required, among other things, to attend all Magic home basketball games and that in exchange they are paid $25 a game. Mr. Hallal attended ten home games and received a total of $250. Such payment constitutes monetary remuneration. Therefore, Mr. Hallal was not a "volunteer." On this basis, final summary judgment was properly entered in favor of the Magic.
Moreover, even if no monetary remuneration had been received by Mr. Hallal, summary judgment would have been appropriate in this case because Mr. Hallal's participation in the internship program constituted valuable consideration in that such participation was necessary in order for him to satisfy the requirements of his degree. See Olsson v. Nyack Hospital, 193 A.D.2d 1006, 598 N.Y.S.2d 348 (N.Y.App.Div.1993) (even [t]hough financial remuneration was not paid to plaintiff, where necessary training and experience gained at the hospital is required for graduation and licensure, training is the equivalent of wages); Walls v. North Mississippi Medical Center & United States Fidelity & Guaranty Co., 568 So.2d 712 (Miss.1990) (even though a student nurse did not receive board or monetary allowances from the hospital where she received clinical training, she was an apprentice of the hospital); Ryles v. Durham County Hospital Corporation, 107 N.C.App. 455, 420 S.E.2d 487, rev. denied, 332 N.C. 667, 424 S.E.2d 406 (1992) (a student serving an apprenticeship without pay who was required to undergo clinical training at a hospital to become a respiratory therapist was an apprentice of the hospital because he received the benefits of acquiring practical skills).
AFFIRMED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] Chapter 440, Florida Statutes (1995).