■ In the Matter of the Claim of WILLIE SMALLWOOD, Appellant, v MEREDA REALTY CORPORATION, Respondent, and PUEBLO NUEVO ASSOCIATES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [905 NYS2d 358]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 31, 2008, which ruled, among other things, that a general employment relationship existed between claimant and Pueblo Nuevo Associates.

Claimant, the superintendent of an apartment building owned by Pueblo Nuevo Associates and managed by Mereda Realty Corporation, sustained injuries while providing maintenance at the site. He received workers' compensation benefits and also

commenced an action in Supreme Court against both Pueblo and Mereda. A Workers' Compensation Law Judge determined that claimant was an employee of Mereda. The Workers' Compensation Board modified that determination, finding that claimant was a general employee of Pueblo and a special employee of Mereda. The Board concluded that each entity was 50% liable for the claim. Claimant appeals, contending that he was not in an employment relationship with Pueblo.

"The existence of an employer-employee relationship is one for the Board to resolve in the first instance and its determination in that regard must be upheld if supported by substantial evidence, even if other evidence in the record could have supported a contrary conclusion" (*Matter of LaCelle v New York Conference of Seventh-Day Adventists*, 235 AD2d 694, 694 [1997], *lv dismissed* 89 NY2d 1085 [1997], *lv denied* 96 NY2d 713 [2001] [citation omitted]; *see Matter of Victor v Steel Style, Inc.*, 56 AD3d 1099, 1099 [2008]). "Although no single factor is dispositive, relevant factors to be considered include the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work" (*Matter of Semus v University of Rochester*, 272 AD2d 836, 837 [2000] [citations omitted]; *see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]). "[I]f there is both a general and a special employer the [B]oard can make an award against either or both of the employers as it sees fit" (*Matter of Baker v Burnett's Contr. Co.*, 40 AD2d 741, 741-742 [1972]; *accord Matter of Cabrera v Two-Three-Nought-Four Assoc.*, 46 AD3d 1255, 1257 [2007]).

Here, there is evidence in the record that, although Mereda hired claimant, Pueblo retained the authority to fire him. As superintendent of the building, claimant was required to address problems with tenants and his day-to-day activities were directed by Mereda. However, part of his compensation included a rent-free apartment in Pueblo's building and he was paid from Pueblo's general payroll bank account. His paychecks contained the notation that they were from Mereda as agent for Pueblo. Pueblo listed claimant as its employee on its payroll and tax documents and it paid premiums for workers' compensation insurance intended to cover claimant. Equipment used by claimant was ostensibly provided or paid for by Pueblo. While there was an agreement between Mereda and Pueblo indicating that personnel employed to manage the building would be employees of Mereda, the Board is not bound by the terms of such an agreement and can make its own determination based upon the proof as to whether an employment relationship existed be-

tween claimant and Pueblo (*see Matter of Reyes v Southern Blvd. Partners*, 78 AD2d 746, 747 [1980], *lv denied* 52 NY2d 703 [1981]). Since there is substantial evidence supporting the Board's determination, we must affirm despite the fact that the record contains evidence that could have supported a different conclusion (*see Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937 [2001]; *Matter of Semus v University of Rochester*, 272 AD2d at 837).

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.