■ In the Matter of the Claim of VINCENT CARLINEO, Claimant, v SNELLING & SNELLING, LLC, et al., Appellants, and FORTUNA ENERGY, INC., Respondent, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondents. [935 NYS2d 163]—

McCarthy, J.

Claimant obtained his position as a laborer with Michael Comstock, doing business as F.T. Well Support, through Snelling & Snelling, LLC, a temporary employment agency. Pursuant to a contract with Fortuna Energy, Inc., F.T. Well Support was performing beautification of gas well sites owned by Fortuna. After claimant injured both of his legs in a work-related motor vehicle accident, he filed a workers' compensation claim which was established. Snelling was ordered to pay temporary awards and the case was continued for further proceedings on the issue of general/special employment. Claimant and Comstock testified, but the Workers' Compensation Law Judge (hereinafter

WCLJ) ended the hearing during Comstock's testimony. The WCLJ then found that Snelling was claimant's employer and there was no special employment relationship.

Upon review of Snelling's administrative appeal, the Workers' Compensation Board eventually determined that Snelling had been denied the opportunity to develop the record when the WCLJ prematurely terminated Comstock's testimony. Based upon this error, the Board remanded for additional testimony from Comstock only. Snelling appealed and this Court dismissed the appeal as interlocutory (73 AD3d 1247 [2010]). Following evidentiary hearings at which Comstock gave additional testimony, the WCLJ determined that claimant was a special employee of F.T. Well Support, and not any other entity, but that Snelling was 100% liable for payment on the claim pursuant to the contract between Snelling and F.T. Well Support. The Board affirmed and Snelling and its third-party administrator (hereinafter collectively referred to as Snelling) now appeal.

Snelling was provided a full and fair opportunity to develop the record. Claimant and Comstock testified and several documents were admitted into evidence. Snelling's arguments about the WCLJ originally terminating Comstock's testimony are moot, considering the subsequent remand and Comstock's additional testimony (*compare Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]). The Board did not err in denying further witnesses (*see* Workers' Compensation Law § 118). Snelling desired testimony from the driver of the vehicle involved in the accident, but did not make a specific objection to the WCLJ making a determination without the driver's testimony, despite Snelling's assertion that the driver had been subpoenaed and was present at the hearing site to testify. The Board did not err in finding that Snelling thereby waived its right to obtain the driver's testimony (*see Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 937 [2008]). In any event, Snelling did not show that the driver's testimony would be relevant or necessary to the issue of general/special employment. Although Snelling also sought testimony from other employees, it has failed to ever identify those potential witnesses or their expected testimony. Thus, as Snelling has not identified relevant evidence that it was prevented from presenting, it has not shown that it was deprived of a full and fair opportunity to develop the record.

Substantial evidence supports the Board's determination that F.T. Well Support is the only special employer. Snelling does not challenge the Board's findings that Snelling was claimant's general employer and F.T. Well Support was claimant's special

employer; Snelling instead contends that other entities were also claimant's special employers. The question of whether a general employee of one employer is also a special employee of another is an issue for the Board to resolve, and this Court will uphold that determination if the record contains substantial evidence to support the Board's finding, even if contrary evidence also exists (*see Matter of Smallwood v Mereda Realty Corp.*, 75 AD3d 873, 874 [2010]; *Matter of Victor v Steel Style, Inc.*, 56 AD3d 1099, 1100 [2008]). At the time of the accident, Comstock was in the process of creating a limited liability company named F.T. Well Support NY, LLC. Although the articles of incorporation were filed prior to the accident, Comstock testified that he was not yet doing business under the LLC at that time and the vehicle involved in the accident was not registered to the LLC, but to F.T. Well Support. Thus, the record does not provide any basis for liability on the part of the LLC. Although claimant was on his way to a work site owned by Fortuna and had been directed to that site by a Fortuna employee, substantial evidence supports the Board's finding that claimant was not a special employee of Fortuna. Claimant and Comstock testified that F.T. Well Support set claimant's hours, directed and supervised his work and provided the necessary equipment. Fortuna did not have the authority to fire or discipline claimant. Because substantial evidence showed that only F.T. Well Support directed and controlled the manner and details of claimant's work, that evidence supports the Board's determination that F.T. Well Support was the only special employer (*see Matter of Smallwood v Mereda Realty Corp.*, 75 AD3d at 874).

Substantial evidence supports the Board's determination that Snelling is solely liable for payment of the claim. Where a claimant is employed by both a general and special employer, the Board is empowered to "make an award against either or both of the employers as it sees fit" (*Matter of Baker v Burnett's Contr. Co.*, 40 AD2d 741, 741-742 [1972]; *see Matter of Smallwood v Mereda Realty Corp.*, 75 AD3d at 874). Snelling obtained workers' compensation insurance for the temporary employees that it provided to F.T. Well Support and part of the fees that F.T. Well Support paid to Snelling were intended to include the cost of such coverage. While Snelling contends that it should not be required to pay the claim because F.T. Well Support breached their contract, this argument is not supported by the testimony or documents in the record. Hence, we will not disturb the Board's determination to apportion 100% of the liability for paying the claim to Snelling.

Mercure, A.P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, with costs.