Peters, EJ.
Appeal from an amended decision of the Workers’ Compensation Board, filed May 23, 2012, which ruled, among other things, that Beef & Bourbon, LLC was solely liable for workers’ compensation benefits paid to claimant.
On June 14, 2008, claimant was a passenger in an employer-sponsored van, returning from her place of employment in Orange County to her home in New Jersey, when the van crashed, killing three people and injuring 11. As a result of the accident, claimant suffered catastrophic injuries, including a traumatic brain injury which left her in a persistent vegetative state. A workers’ compensation claim was thereafter filed on her behalf, naming Beef & Bourbon, LLC and Tacos Ricos as her putative employers. Following a hearing at which claimant’s mother and a representative from both alleged employers testified, a Workers’ Compensation Law Judge established that the injuries were work-related and found that claimant was an em *1007 ployee of both entities, but had worked for Tacos Ricos on the night of the accident. Tacos Ricos and its workers’ compensation carrier appealed and the Workers’ Compensation Board modified the decision to find, as relevant here, that the record did not contain sufficient evidence that claimant worked for Tacos Ricos on the night of the accident and, thus, found that Beef & Bourbon was the employer responsible for the claim. The Board thereafter issued an amended decision clarifying its findings with respect to the identity of claimant’s employer, and Beef & Bourbon and its workers’ compensation carrier now appeal.
We affirm. Whether there exists an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its determination will be upheld when supported by substantial evidence (see Matter of Lama v SPK Rest., Inc., 99 AD3d 1135, 1136 [2012]; Matter of Pelaez v Silverstone, 93 AD3d 1042, 1042 [2012], lv dismissed and denied 19 NY3d 954 [2012]). In making such a determination, factors to be considered include control over the claimant’s work, method of payment, right to discharge, furnishing of equipment and relative nature of the work (see Matter of Jennings v Avanti Express, Inc., 91 AD3d 999, 999-1000 [2012]; Matter of Bran v Wimbish, 73 AD3d 1378, 1379 [2010], lv dismissed 15 NY3d 818 [2010]). Where a claimant has multiple employers, the Board may make an award against any or all of the employers as it sees fit (see e.g. Matter of Carlineo v Snelling & Snelling, LLC, 90 AD3d 1288, 1290 [2011]; Matter of Smallwood v Mereda Realty Corp., 75 AD3d 873, 874 [2010]).
Here, claimant’s mother testified repeatedly, and without contradiction, that claimant would be picked up and transported to her job at Beef & Bourbon and that, on occasion, she would then be sent to Tacos Ricos to work.* This testimony was corroborated by the testimony of Rene Garcia, who worked at Tacos Ricos and who did not initially recognize claimant from her picture, explaining that he knows the employees of Tacos Ricos, but not those of Beef & Bourbon. Although Garcia later stated that he recognized claimant from being “in Taco Rico,” he gave no indication as to whether claimant was an employee there, the frequency with which she may have worked or whether she *1008 was employed there on the night of the accident. Accordingly, we find the Board’s decision that claimant was employed at Beef & Bourbon on the night of the accident to be supported by substantial evidence, notwithstanding the existence of evidence in the record that might have supported a different conclusion (see Matter of Smallwood v Mereda Realty Corp., 75 AD3d at 874; Matter of Kane v Unger, 69 AD3d 991, 992 [2010]).
Lahtinen, Garry and Rose, JJ., concur. Ordered that the amended decision is affirmed, without costs.

 To the extent that Beef & Bourbon challenges the hearsay testimony of claimant’s mother, we note that, in light of claimant’s ongoing disability, it was not improper for the Board to have relied on such testimony (see Workers’ Compensation Law § 118; Matter of Altschuller v Bressler, 289 NY 463, 470-471 [1943]; see generally Matter of Roewer v Melton, 62 AD2d 1120, 1120 n [1978]).