Matter of Puli-Lopez v Triple 888 Dev. Group LLC (2020 NY Slip Op 00654)





Matter of Puli-Lopez v Triple 888 Dev. Group LLC


2020 NY Slip Op 00654


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

528693

[*1]In the Matter of the Claim of Milton Puli-Lopez, Claimant,
v
Triple 888 Development Group LLC et al., Appellants, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Brian M. Anson of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 3, 2018, which ruled, among other things, that claimant was an employee of Triple 888 Development Group LLC and that no general and special relationship existed between Triple 888 Development Group LLC and East 119th Street Development LLC.
Claimant, a construction laborer, filed a claim for workers' compensation benefits after he sustained injuries while working at a construction site and identified Triple 888 Development Group LLC as his employer. East 119th Street Development LLC owns the relevant property and Triple 888 manages the property, and both business entities have the same owners and officers. The record further establishes that East 119th hired Ben's Home Improvement, Inc. as the general contractor for the construction project. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that claimant was an employee of East 119th and Triple 888 and that there was a general/special relationship between East 119th, as the general employer, and Triple 888, as the special employer, and split liability 50% between the business entities. Further, Ben's Home Improvement was found to be the general contractor under Workers' Compensation Law § 56.
As is relevant to this appeal, claimant, through counsel, submitted a form RB-89 application for review by the Workers' Compensation Board, asserting that no general/special relationship existed between East 199th and Triple 888 and claiming that Triple 888 was the sole employer. In rebuttal, East 119th and Triple 888 contend that claimant's form RB-89 application should be dismissed because, pursuant to 12 NYCRR 300.13 (b) (4), it is incomplete and, in any event, the decision of the WCLJ is supported by a preponderance of the evidence. The Board, finding that claimant's form RB-89 application was complete, reviewed claimant's contentions and modified the WCLJ's decision by finding that claimant was employed by Triple 888 and that no general/special relationship existed between East 119th and Triple 888. Triple 888 and East 119th appeal.
Initially, we are unpersuaded by the contention that the Board abused its discretion in not dismissing claimant's application for Board review. The record reflects that the Board providently exercised its discretionary authority and reviewed claimant's application, specifically finding that the information set forth therein sufficiently complied with the Board's regulations (see 12 NYCRR 300.13 [b] [4]). As such, we find no abuse of the Board's discretion in deeming claimant's application complete, and its decision in that regard will not be disturbed.
Turning to the merits, we find that substantial evidence supports the Board's finding that there was insufficient evidence to establish a general/special relationship between East 119th and Triple 888. Haim Levy, one of the owners and principals of Triple 888 and East 119th, testified that East 119th had no employees and hired Ben's Home Improvement as the general contractor for the construction project. With regard to claimant's employment, Ben Azour, principal of Ben's Home Improvement, testified that a manager from Triple 888 contacted him because someone was needed at the construction site for cleanup. Azour, who was out of the country, directed Triple 888 to hire someone and pay them, indicating that any payments by Triple 888 would be settled later. Testimony at the hearing established that claimant was hired by Triple 888 and that Triple 888 supervised, controlled and directed his work until the time that he was injured. Further, Triple 888 paid claimant by check during the time he worked at the construction site. Other than testimony from Levy that, at times, Triple 888 would cover expenses for East 119th, there was no evidence that claimant was employed by East 119th. Furthermore, Levy testified that claimant was not an employee of East 119th. Inasmuch as there is substantial evidence to support the Board's finding that claimant was the sole employee of Triple 888, the Board's decision will not be disturbed (see Matter of Mitchell v Eaton's Trucking Serv., Inc., 165 AD3d 1360, 1361 [2018]; Matter of Carlineo v Snelling & Snelling, LLC, 90 AD3d 1288, 1290 [2011]).
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.