Matter of Abad v Vanety's Serv., LLC (2022 NY Slip Op 02591)

Matter of Abad v Vanety's Serv., LLC

2022 NY Slip Op 02591

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

532061
[*1]In the Matter of the Claim of Juan Abad, Respondent,
v
Vanety's Service, LLC, et al., Respondents, and ACME Furniture et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for appellants.
LOIS LLC, New York City (Addison O'Donnell of counsel), for Vanety's Service, LLC and another, respondents.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed February 13, 2020, which ruled, among other things, that ACME Furniture was 50% liable for workers' compensation benefits paid to claimant.
ACME Furniture Store needed a warehouse attendant and contacted Vanety's Service, LLC, a staffing agency, which sent claimant to ACME to fill that position. While working at ACME, claimant was injured when he fell off a ladder, and he subsequently filed a claim for workers' compensation benefits. Both Vanety and ACME were placed on notice and, following a hearing to resolve, among other things, claimant's proper employer, the Workers' Compensation Law Judge established the claim for injuries to claimant's right ankle and both knees, and found Vanety to be claimant's employer and 100% liable for claimant's benefits award. Vanety appealed, asserting that ACME should be deemed the proper employer or, in the alternative, that ACME be found jointly responsible for the claim under the doctrine of general/special employment. The Workers' Compensation Board modified the decision of the Workers' Compensation Law Judge, concluding that claimant was the general employee of Vanety and the special employee of ACME, and apportioning liability for claimant's benefits award equally between both Vanety and ACME. ACME and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
We are unpersuaded by the carrier's contention that the Board improperly apportioned 50% liability for the claim to ACME. In finding that a general/special employment relationship existed, an issue that the carrier does not challenge, the Board relied on the fact that ACME set claimant's work schedule, controlled his work activities, could terminate claimant's position for unsatisfactory performance and was to be notified in the event claimant was absent from work. Vanety, on the other hand, was responsible for paying claimant's wages and there was an agreement that Vanety would supply workers' compensation coverage for those workers that it sent to ACME. It is well settled that where a claimant is employed by both a general and special employer, a workers' compensation award "may be ordered paid by the general employer or the special employer, or both" (Matter of Cook v Buffalo General Hosp., 308 NY 480, 483 [1955]). In finding that liability for the claim should be apportioned equally between Vanety and ACME, the Board based its decision on the fact that Vanety issued claimant's paychecks and provided workers' compensation insurance coverage and ACME directed and controlled claimant's work at the location where the accident occurred. The carrier asserts that, given the uncontradicted testimony that Vanety agreed to supply workers' compensation coverage for workers that it sent to ACME, the Board's decision is inconsistent with Matter of Carlineo v Snelling & Snelling, LLC (90 AD3d 1288 [2011]), wherein the general employer, which contracted [*2]to carry workers' compensation coverage for the claimant, was found to be 100% liable for the claim. Notwithstanding any alleged inconsistency, "'the Board is empowered to make an award against either or both of the employers as it sees fit'" (Matter of Mitchell v Eaton's Trucking Serv., Inc., 165 AD3d 1360, 1361 [2018], quoting Matter of Carlineo v Snelling & Snelling, LLC, 90 AD3d at 1290 [citations omitted]; accord Matter of Cook v Buffalo General Hosp., 308 NY 480, 483; Matter of Malave v Beef & Bourbon, LLC, 114 AD3d 1006, 1007 [2014]; Matter of Cabrera v Two-Three-Nought-Four Assoc., 46 AD3d 1255, 1258 [2007]), and we discern no basis upon which to disturb the apportionment determination here (see Matter of Smallwood v Mereda Realty Corp., 75 AD3d 873, 874 [2010]).
The assertion by the carrier that it was denied due process because it was not afforded notice and an opportunity to be heard on the issue of apportionment is belied by the record. The carrier raised the issue of apportionment at the hearing, arguing that, in the event that Vanety was not found wholly liable on the claim, Vanety should be at least 90% liable. Claimant also argued that, although there was evidence to find general/special employment, sharing liability between the two entities would be awkward. Further, Vanety's application for Board review clearly indicates that, in the event that ACME was not found to be the proper employer and solely responsible for the claim, Vanety was seeking a finding of general/special employer and that liability be shared, which ACME and the carrier could have, but did not, address in its rebuttal application. We have reviewed the carrier's remaining contentions and find them to be without merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.